UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOCORRO GOMEZ, et al.,

                Plaintiffs,

-against-

DORMONT MANUFACTURING COMPANY., et al.,

                Defendants.

**ORDER**

20-CV-07395 (PMH)

PHILIP M. HALPERN, United States District Judge:

On September 10, 2020, Defendant Dormont Manufacturing Company ("Dormont") filed a Notice of Removal seeking to remove this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

## BACKGROUND

On or about August 26, 2020, Plaintiffs Socorro Gomez, Fernando Arellano, and Martha Guadalupe Lopez Trinidad (collectively "Plaintiffs") filed a Verified Complaint commencing this action against Dormont and 148-150 Westchester Avenue, LLC ("Westchester Ave.") (collectively "Defendants") in the Supreme Court of the State of New York, County of Westchester. (*See* Not. of Removal ¶ 1; *see also* Doc. 1-1, "Ver. Compl." ¶¶ 1-5). Plaintiffs claimed that they were injured on October 2, 2019 when a "stainless steel gas connector" manufactured by Dormont "failed due to a defect and thereby caused gas to be released and ignited" inside a structure owned by Westchester Ave. (Ver. Compl. ¶¶ 6-15). Plaintiffs pressed claims of negligence, breach of warranty, and strict products liability against Dormont as well as a negligence claim against Westchester Ave. (Ver. Compl. ¶¶ 16-50).

On September 8, 2020, Dormont received a copy of the Verified Complaint via the United States Postal Service. (Not. of Removal ¶ 8). Although Dormont insists that neither it nor Westchester Ave. were served properly under New York law (*see id*. ¶¶ 10-13), Dormont removed this action from state court "[p]ursuant to "28 U.S.C. §§ 1332, 1441(a), and 1446" (*id*. ¶ Recital) on September 10, 2020. Dormont makes two points to support its contention that this Court may exercise subject-matter jurisdiction over this dispute. First, Dormont avers that complete diversity exists in this case—once Westchester Ave. is dismissed[1]—because Plaintiffs are residents of New York and Connecticut while Dormont is a Pennsylvania corporation with its principal place of business in Pennsylvania. (*Id*. ¶¶ 30-33). Second, while Plaintiffs do not identify an amount in controversy (*id*. ¶ 37; *see also generally* Ver. Compl.), Dormont submits that "based on Defense counsel's experience with other cases involving allegations of serious and permanent injuries that required hospitalization following a fire or gas explosion, as alleged . . . counsel believes, in good faith, that the amount in controversy exceeds $75,000.00." (Not. of Removal ¶ 36).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing

---

[1] According to Dormont, Plaintiffs only named Westchester Ave. as a Defendant in this action to destroy "the diversity jurisdiction that should exist in this lawsuit . . . ." (Not. of Removal ¶ 27). As the Court concludes that Dormont has not established that the amount in controversy exceeds $75,000, the Court need not and does not address this theory of dismissing Dormont's co-defendant from this action.

the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While a defendant need not "prove the amount in controversy to an absolute certainty," the defendant "has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[2]

Plaintiffs allege that they were injured in a fire caused by a faulty gas connector. (Ver. Compl. ¶¶ 6-15). In an action to recover damages for personal injuries in New York, a plaintiff's complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Consequently, Plaintiffs do not identify a specific sum of money, but allege only that they have suffered "loss in an amount which exceeds the jurisdictional limits of all other Courts." (Ver. Compl. ¶¶ 25, 34, 39, 50). Where, as here, removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2). The Court makes no such finding here.

---

[2] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

The Verified Complaint represents on its face:

> [T]he plaintiffs sustained severe and protracted personal injuries, were incapacitated from pursuing their normal tasks, experienced great pain and suffering, incurred medical expenses, incurred hospital expenses, all of which the plaintiffs believe will continue in the future, all to their detriment and loss in an amount which exceeds the jurisdictional limits of all other Courts.

(Ver. Compl. ¶¶ 25, 34, 39, 50). Dormont seeks to build on this generalized claim for relief, but contends merely that "based on Defense counsel's experience with" similar cases, "counsel believes, in good faith, that the amount in controversy exceeds $75,000." (Not. of Removal ¶ 36).[3] As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), such a conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Villafana*, 2013 WL 2367792, at *2; *Sailer v. Responsive Trucking, Inc.*, No. 12-CV-4822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020); *Hughes*, 2017 WL 2623861, at *2 ("Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.").

---

[3] Dormont was not bound to rely on Plaintiffs' boilerplate allegations. Under New York law, Dormont was permitted to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). "Rather than prematurely removing the action to this Court, Defendant should have availed itself of the appropriate statutory provision" and sought information from Plaintiffs about the damages pursued. *Hughes v. Target Corp.*, No. 17-CV-3548, 2017 WL 2623861, at *2 (E.D.N.Y. June 15, 2017).

**CONCLUSION**

Based upon the foregoing, the Court concludes that Dormont failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000, and that removal was improper. Accordingly, the action is remanded to the Supreme Court of the State of New York, County of Westchester. The Clerk is directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

**SO ORDERED:**

Dated: New York, New York
September 15, 2020

PHILIP M. HALPERN
United States District Judge